UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RED LION HOTELS FRANCHISING, INC., a Washington corporation,<br><br>                      Plaintiff,<br><br>   v.<br><br>JULIE DUMON, a married individual,<br><br>                      Defendant. | NO. 2:20-CV-0183-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Default Judgment (ECF No. 14).  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein, the briefing, and is fully informed.  Defendant has not timely responded.  There being no reason for further delay and for the reasons discussed below, Plaintiff's Motion for Default Judgment (ECF No. 14) is **GRANTED**.

//

ORDER GRANTING DEFAULT JUDGMENT ~ 1

**BACKGROUND**

This case arises out of a personal guarantee made on a contract involving a franchise license agreement ("FLA"). ECF No. 1. On May 20, 2020, Plaintiff filed a complaint against Defendants Julie Dumon, Graham Hershman, and Helmut Horn alleging breach of contract. *Id.* On July 31, 2020, Defendant Julie Dumon was served through her husband Peter Dumon with the summons, complaint, civil cover sheet, and corporate disclosure statement. ECF No. 6. On December 14, 2020, Plaintiff filed Notice of Voluntary Dismissal where the Court dismissed all claims against Defendants Graham Hershman and Helmut Horn. ECF Nos. 7-8. As a result, Julie Dumon is the only remaining Defendant in this matter.

On February 1, 2021, Plaintiff filed a Motion for Entry of Default after Defendant failed to answer, plead, or otherwise defend against the complaint. ECF No. 12. On February 5, 2021, the Clerk of the Court entered the Order of Default. ECF No. 13. On March 5, 2021, Plaintiff filed the instant Motion for Default Judgment. ECF No. 14. The following factual allegations are derived from Plaintiff's motion and supporting documents. ECF Nos. 14-14-5.

Defendant is a member of PH Dayton, LLC. ECF No. 14-3 at 34. PH Dayton entered into an FLA with Plaintiff for a hotel called Red Lion Inn & Suites Dayton North in Dayton, Ohio. ECF No. 14-2 at 2, ¶ 3. As a condition of the FLA, PH Dayton personally guaranteed the FLA. ECF No. 14-2 at 3, ¶¶ 6-7. PH

ORDER GRANTING DEFAULT JUDGMENT ~ 2

1 | Dayton was also required to pay Plaintiff certain fees.  ECF No. 14-3, at 10-11;
2 | ECF No. 14-2 at 3-4, ¶¶ 8-13.  Defendant, as a member of PH Dayton, guaranteed
3 | the payment and performance of the FLA.  ECF No. 14-4 at 1.
4 |      On November 26, 2018, Plaintiff received notice the PH Dayton's hotel was
5 | closing that same day.  ECF No. 14-2 at 4, ¶ 14.  On November 27, 2018, Plaintiff
6 | notified PH Dayton of contractual default and outstanding delinquency in
7 | payments due to the hotel's closure and early termination of the FLA.  ECF No.
8 | 14-4 at 10-11.  Defendant, as a member of PH Dayton and Guarantee signatory,
9 | has not paid $676,777.76 under the contract, comprised of $196,706.24 in past due
10 | franchise fees and $480,071.52 in liquidated damages.  ECF No. 14-2 at 5-6, ¶¶ 19-
11 | 22.

## DISCUSSION

### A. Jurisdiction

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (internal citation omitted).

Here, the Court has subject matter jurisdiction over Plaintiff's claims by diversity of citizenship under 28 U.S.C. § 1332.  The amount in controversy far

ORDER GRANTING DEFAULT JUDGMENT ~ 3

exceeds $75,000 and citizenship is diverse: Plaintiff is a Washington corporation and Defendant is a citizen of Illinois. ECF No. 1 at 1-2.

Additionally, the Court has personal jurisdiction over the parties. Personal jurisdiction in federal courts is determined by the law of the state in which it sits. *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1068 (9th Cir. 2015). Washington state law permits personal jurisdiction over defendants to the full extent permitted by the Due Process Clause of the U.S. Constitution. *Shute v. Carnival Cruise Lines,* 113 Wash. 2d 763, 766-67 (1989). Under the Due Process Clause, a court may exercise personal jurisdiction over a defendant only where "the defendant ha[s] certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Picot v. Weston,* 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945)) (internal quotation marks omitted).

Federal law governs interpretation and enforcement of forum selection clauses in diversity cases. *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). State law governs contract formation and the terms contained therein. *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008). An agreed-upon forum selection clause is presumptively valid and should be upheld "absent some compelling and countervailing reason." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen v.*

1  *Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972).  A forum selection provision in a
2  valid contract constitutes a waiver of objection to personal jurisdiction.  *See Chan*
3  *v. Society Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994).
4      Here, by contract, Defendant waived any defenses to personal jurisdiction
5  and submitted to the exclusive jurisdiction of the federal or state courts located in
6  Spokane, Washington.  ECF No. 14-3 at 23, ¶ h.  There is no evidence to the
7  contrary that this contract is binding and enforceable.  Based on the contract, the
8  Court finds sufficient minimum contacts for personal jurisdiction.  Thus, the Court
9  has jurisdiction to enter judgment in this matter.
10     **B.  Procedural Requirements**
11     Under the Local Civil Rules, obtaining a default judgment is a two-step
12 process.  LCivR 55.  A party must first file a motion for entry of default to obtain a
13 Clerk's Order of Default, and then file a separate motion for default judgment.  *Id*.
14 To obtain a default judgment, the moving party must "(A) specify whether the
15 party against whom judgment is sought is an infant or an incompetent person and,
16 if so, whether that person is represented by a general guardian, conservator, or
17 other like fiduciary; and (B) attest that the Servicemembers Civil Relief Act, 50
18 U.S.C. App. §§ 501-597b [now codified at 50 U.S.C. § 3901, *et seq.*], does not
19 apply."  LCivR 55(b)(1).
20

ORDER GRANTING DEFAULT JUDGMENT ~ 5

Here, Plaintiff complied with the first step in seeking default judgment. Plaintiff submitted a motion for entry of default on February 1, 2021. ECF No. 12. On February 5, 2021, the Clerk of the Court entered the Clerk's Order of Default for Defendant's failure "to answer, plead or otherwise defend against the complaint." ECF No. 13. Regarding the second step, Plaintiff complied with Local Civil Rule 55 by submitting declarations that certify Defendant is not an infant nor incompetent person, and the Servicemembers Civil Relief Act does not apply. ECF No. 14-1 at 1, ¶ 2; ECF No. 16 at 2, ¶ 2.

Under Federal Rule of Civil Procedure 55(b), a plaintiff is entitled to default judgment by the Clerk where the "claim is for a sum certain or a sum that can be made certain by computation" or by the Court in all other cases. When a party applies for default judgment with the Court or the Clerk refers the motion to the Court, the Court "may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); LCivR 55(b)(2).

**C. Substantive Requirements**

Federal Rule of Civil Procedure 55 "gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment."

ORDER GRANTING DEFAULT JUDGMENT ~ 6

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citing Fed. R. Civ. P. 55(b)(2)). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Id.* at 917-18 (internal citation and quotation omitted). The decision whether to enter default judgment is within the Court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). In evaluating the propriety of default judgment, the Court is guided by seven non-exclusive factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471-72. The Court assumes facts alleged in the complaint are true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

1. *Possibility of Prejudice*

The first factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Eitel*, 782 F.2d at 1471-72. A plaintiff would suffer prejudice if the default judgment is not entered because it would be left without other recourse for recovery. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

In this case, Plaintiff will suffer prejudice if default judgment is not entered, as it would leave Plaintiff with no other remedy to proceed directly against Defendant for her guarantee of the FLA. Thus, this factor weighs in favor of an entry of default judgment.

2. *Merits and Sufficiency of Claims*

The second and third factors are often weighed together and favor a default judgment when the "allegations in the complaint are sufficient to state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Under Washington law, a breach of contract claim consists of a valid contract between the parties, a breach of that contract, and resulting damages. *Lehrer v. State, Dep't of Soc. & Health Servs.*, 101 Wash. App. 509, 516 (2000) (internal citation omitted).

Plaintiff's complaint is well-pleaded in that it adequately states the facts, circumstances, and elements of its claim against Defendant. ECF No. 1. Plaintiff identified the contractual agreement and Defendant's guarantee on the same, Defendant's failure to pay, and the resulting damage. ECF No. 14 at 5-7. Thus, the second and third factors weigh in favor of an entry of default judgment.

3. *Money at Stake*

Regarding the fourth factor, the Court considers the sum of money at stake. *Eitel*, 782 F.2d at 1471-72. Considerations include "the amount of money

ORDER GRANTING DEFAULT JUDGMENT ~ 8

requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by defendant's conduct.'" *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (quoting *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010)).

Plaintiff alleges that Defendant owes a sum certain of $676,777.76 for $196,706.24 in past due fees and $480,071.52 in liquidated damages calculated as a loss of future monthly royalty fees and monthly program fees as a result of the early termination. ECF No. 14 at 5. To substantiate this amount, Plaintiff submitted a declaration and exhibits, including the FLA and Guarantee. *See* ECF Nos. 14-2-14-4. While a large sum of money weighs in favor of a decision on the merits, the amount directly relates to and flows from the Defendant's breach of the guarantee with no contradictory evidence. Therefore, the fourth factor weighs in favor of default judgment.

4. *Dispute of Material Facts*

The fifth factor weighs the possibility of a dispute regarding any material facts in the case. *Eitel*, 782 F.2d at 1471-72. As Defendant has not responded in this case, all well-pleaded facts in Plaintiff's complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc.*, 826 at 917-918. In light of the contractual nature of the claim, there is little to no likelihood of a dispute

concerning material facts with the action, especially where no evidence has been introduced contrary to the supporting documents. Thus, the fifth factor weighs in favor of default judgment.

5. *Excusable Neglect*

The sixth factor considers whether the defendant's default is due to excusable neglect. *Eitel*, 782, F.2d at 1471-72. Plaintiff has shown proper service on Defendant, and there is no evidence that the failure to respond to the complaint is the result of excusable neglect. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (Default judgment "perfectly appropriate" against party that failed to appear.). Thus, the sixth factor weighs in favor of default judgment.

6. *Decision on the Merits*

The seventh factor considers the policy favoring a decision on the merits. *Eitel*, 782 F.2d at 1471-72. Although this factor "almost always disfavors the entry of default judgment," it is not dispositive. *Curtis*, 33 F. Supp. 3d at 1213. This single factor is not sufficient to overcome the weight of the other factors, especially where Defendant's failure to respond makes a decision on the merits impractical. Thus, default judgment in favor of Plaintiff and against Defendant is warranted.

Having reviewed the motion and record in light of the *Eitel* factors, the Court finds the entry of default judgment appropriate in this case.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Default Judgment (ECF No. 14) is **GRANTED**.

2. Judgment is awarded to Plaintiff Red Lion Hotels Franchising, Inc. against Defendant Julie Dumon in the amount of $676,777.76.

3. Pursuant to Fed. R. Civ. P. 54, the Clerk of Court is directed to enter Judgment against Defendant Julie Dumon accordingly, noting the applicable post-judgment statutory interest rate, 28 U.S.C. § 1961.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED April 6, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFAULT JUDGMENT ~ 11